UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-31-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| JORDAN COMBS, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant Jordan Combs' motion (DE 16) to revoke the magistrate judge's detention order. For the following reasons, the Court will deny the motion.

Combs is charged with distribution and possession of child pornography. The government moved that he be detained pending trial. Pursuant to 18 U.S.C. § 3142(e)(1), a defendant must be detained pending trial if, after a hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure his appearance and public safety. Pursuant to 18 U.S.C. §§ 3142(e)(2) and (3), for any defendant charged with the crimes at issue here, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the public safety or that the defendant will meet his appearance obligations. There is no dispute that the presumption applies in this case.

The United States conceded at the detention hearing that there are conditions that will reasonably assure Combs' appearance. As to public safety, however, the magistrate judge determined that there were not sufficient conditions that would reasonably assure the safety of the community if Combs were released.

The Court will conduct a *de novo* review of the magistrate judge's detention order. The statute does not specifically require that this Court conduct an additional hearing. In his motion, Combs does not request a hearing and he does not rely on or explain any additional evidence that he would proffer in support of the motion. Accordingly, a second detention hearing is not necessary. *See United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987); *United States v.* Jones, No. 12:CR-105, 2012 WL 6737784, at * 1, n.1 (D. Conn. 2012); *United States v. Burks*, 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001);*United States v. Alonso*, 832 F.Supp. 503, 504 (D. Puerto Rico 1993); *United States v. Bergner*, 800 F. Supp. 659, 661 (N.D.Ind.1992).

In resolving this motion, the Court will rely on the audio recording of the detention hearing, the pretrial report prepared by the United States Probation Office, and the pleadings submitted by the parties.

Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk of flight and danger to the community remains with the government. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). The defendant's burden of production is "not heavy," but he must produce some evidence that he does not pose a danger to the community or risk of flight. *Id*. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain. *Id*

At the hearing, Combs presented two witnesses: his mother Clarissa Combs and Barbara North Burton. Combs' mother testified that Combs had agreed to donate a kidney to his grandfather. Burton testified that she was involved with prison ministry and that Combs worked with her "constantly," spending at least 20-25 hours each week on her ministry, which is targeted at current and former prisoners. At the detention hearing,

2

Combs' counsel stated that this action originally began as a state prosecution and that, while on release on the state charges, Combs committed no violations of any kind.

Like the magistrate judge, the Court will assume that Combs has rebutted the presumption of detention. Where the presumption does not apply, detention is appropriate if the government proves by clear and convincing evidence that the defendant poses a danger to the public or any person. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense, including whether the offense involves a minor victim; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

Combs is charged with serious offenses. If found guilty, he faces a minimum mandatory prison sentence of five years. Special Agent Mike Romagnoli testified that officers found about 1,600 images and 240 videos of child pornography during their search of the electronic equipment at Combs' residence, the majority of which involved children under 12. Thus, the guideline range in this case is high.

Combs' volunteer work and organ donation are commendable activities. Further, the Court recognizes that Combs complied with his state conditions of release. Nevertheless, Combs is charged with crimes involving minors. Agent Romagnoli testified that, based upon his law enforcement experience, individuals who commit such crimes are likely to commit them again. Further, Combs proposes that he be released to the same residence at which he was allegedly able to commit the crimes charged in this case. While his fiancé lives at the residence, Agent Romagnoli testified that she had no knowledge of the materials at issue.

For all these reasons, the Court finds by clear and convincing evidence that there are no

conditions that could reasonably assure the community's safety if Combs were released. This conclusion is consistent with the conclusions of the United States Probation Office.

Accordingly, the Court hereby ORDERS that Combs' motion to revoke the magistrate judge's detention order (DE 16) is DENIED.

Dated May 4, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY